**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000447
08-SEP-2025
08:33 AM
Dkt. 71 SO**

NOS. CAAP-23-0000447, CAAP-23-0000556, and CAAP-23-0000708

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HIPAWAI CORPORATION, a Hawaii corporation,
as Successor Trustee under that certain unrecorded
Declaration of Trust dated November 13, 1968;
KENNETH L. CHUN, CAROL A. CHUN, and SUSAN D. CHUN,
as Successor Trustees under that certain unrecorded
Alma K. Leong Revocable Living Trust Agreement
dated September 28, 1993; and PEARL CORPORATION,
a Hawaii corporation, Plaintiffs-Appellees,
v.
TINA CHERIE MATHEWS, Defendant/Cross-claim Defendant-Appellant,
and ASSOCIATION OF APARTMENT OWNERS OF 965 PROSPECT,
a Hawaii nonprofit corporation,
Defendant/Cross-claimant-Appellee, and
DOE DEFENDANTS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 1CCV-20-0001229 and 1CCV-20-0001230)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendant/Cross-claim Defendant-Appellant Tina Cherie

**Mathews** appeals from the Circuit Court of the First Circuit's

June 27, 2023 and September 18, 2023 Hawaiʻi Rules of Civil

Procedure (**HRCP**) Rule 54(b) judgments in 1CCV-20-0001229 and November 27, 2023 HRCP Rule 54(b) judgment in 1CCV-20-0001230.[1] All judgments were entered in favor of Plaintiffs-Appellees Hipawai Corporation, a Hawaii corporation, as Successor Trustee under that certain unrecorded Declaration of Trust dated November 13, 1968; Kenneth L. Chun, Carol A. Chun, and Susan D. Chun, as Successor Trustees under that certain unrecorded Alma K. Leong Revocable Living Trust Agreement dated September 28, 1993; and Pearl Corporation, a Hawaii corporation (collectively, **Hipawai**).

On appeal, Mathews challenges the award of attorneys' fees.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

Mathews contends the circuit court "erred in awarding attorneys' fees for the hours of work in the bankruptcy case and corresponding work in the circuit courts because this work was the result of sloppy work by Hipawai's attorneys for which [she] was in no way responsible." (Formatting altered.) Mathews

---

[1] The Honorable Dean E. Ochiai presided over 1CCV-20-0001229 and the Honorable Jeffrey P. Crabtree presided over 1CCV-20-0001230. Mathews' appeals from these judgments created three appellate cases, which this court consolidated.

argues the work should have been done by an associate rather than a partner and Hipawai was at fault for drafting an order with conflicting language.

We review an award of attorneys' fees for an abuse of discretion. Queen Emma Found. v. Tatibouet, 123 Hawaiʻi 500, 506, 236 P.3d 1236, 1242 (App. 2010).

Mathews held the lease for two apartments in the same building, units 401 and 601. Mathews stopped making monthly payments on both units and failed to cure the delinquency. Hipawai filed a complaint to terminate the lease and foreclose junior liens on each unit.[2] Hipawai then moved for summary judgment and an interlocutory decree of foreclosure on each unit, which was granted.

In its order granting summary judgment and an interlocutory decree of foreclosure, the circuit court ordered the "interest of Mathews in and under the Lease is hereby cancelled, terminated and foreclosed" and further ordered that "Mathews has no remaining right, title, or interest in the Property[.]" The circuit court entered an HRCP Rule 54(b) judgment in both cases. Mathews did not appeal from these judgments.

---

[2] The complaint in 1CCV-20-0001229 was related to the unit 401 lease and the complaint in 1CCV-20-0001230 was related to the unit 601 lease.

3

About four months after the circuit court terminated Mathews' interest in units 401 and 601, Mathews filed for bankruptcy in the United States Bankruptcy Court for the District of Hawaiʻi.  In response to the bankruptcy form question, "Do you own or have any legal or equitable interest in any residence, building, land, or similar property?", Mathews checked "Yes" and listed units 401 and 601.  The bankruptcy proceedings caused a stay in the circuit court proceedings underlying this appeal.

According to Hipawai, it moved the bankruptcy court for relief from the stay because units 401 and 601 were not part of Mathews' bankruptcy estate since the circuit court terminated Mathews' interests in both units.  The bankruptcy court permitted Hipawai to seek clarification from the circuit court as it perceived possible ambiguity in the circuit court's summary judgment order.

In response to Hipawai's request for clarification, the circuit court explained it "unambiguously terminated the interest of Mathews in the leasehold" of units 401 and 601, "and that Mathews had no remaining right, title, or interest in the Property whatsoever[.]"

When awarding attorneys' fees in 1CCV-20-0001229, the circuit court found the billing rate was "reasonable in light of his experience and skill" and the work was "reasonable and

4

necessary in light of the extraordinary amount of work that had to go into this particular matter[.]"  And, in 1CCV-20-0001230 the circuit court determined the fees were reasonable and did not appear "overbilled" even though the rates and amount of time were "sort of on the higher end of the spectrum."

Regarding Mathews' argument that an associate rather than a partner should have litigated the underlying cases, she provides no authority to expressly support this proposition. Here, Hipawai had to navigate state lease termination/ foreclosure proceedings and federal bankruptcy proceedings to assert its claims and defend its interests in the units.  We see no reason this type of litigation should arbitrarily be limited to associates.

Turning to Mathews' argument that Hipawai's "sloppy work" created a conflict, she points to Paragraph 13 of the circuit court's order, which noted all persons would be permanently barred from claiming any rights in the property upon the closing of the sale:

> 13.  All Defendants, including Mathews, and all other parties hereto, and all persons claiming by, through or under them, . . . will be perpetually barred of and from any and all rights, title, and interest in the Property or any part thereof, upon closing of the sale herein authorized.

Mathews asserts that Paragraph 13 conflicts with the circuit court's order terminating her lease and interest in the units.

This language did not conflict with the circuit court's order that the "interest of Mathews in and under the Lease is hereby cancelled, terminated and foreclosed" and "Mathews has no remaining right, title, or interest in the Property[.]" Paragraph 13 provided that, upon the sale of units 401 and 601, all persons would be barred from "claiming" any rights to units 401 and 601. Paragraph 13 did not indicate a right to units 401 and 601 actually exists.

The record does not support Mathews' claim that Hipawai's "sloppy work" in the state proceedings resulted in high fees and that she "was in no way responsible" for the bankruptcy proceeding and related state court litigation. Thus, we cannot say the circuit court abused its discretion in awarding attorneys' fees.

Based on the foregoing, we affirm the circuit court's June 27, 2023 and September 18, 2023 judgments in 1CCV-20-0001229, and November 27, 2023 judgment in 1CCV-20-0001230.

DATED: Honolulu, Hawaiʻi, September 8, 2025.

| On the briefs: | /s/ Katherine G. Leonard |
| | Presiding Judge |
| Earle A. Partington, | |
| for Defendant-Appellant. | /s/ Sonja M.P. McCullen |
| | Associate Judge |
| Kelly G. LaPorte, | |
| Katherine E. Bruce, | /s/ Kimberly T. Guidry |
| (Cades Schutte), | Associate Judge |
| for Plaintiffs-Appellees. | |